UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS D. WILSON CONSULTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV02115 ERW |
| ) | |
| KEELEY & SONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss Count II [doc. # 9]; Counterclaim Defendant Thomas D. Wilson's Motion to Dismiss Defendants' Counterclaim [doc. # 17]; and Counterclaim Defendant Thomas D. Wilson and Plaintiff Thomas D. Wilson Consulting, Inc.'s ("Wilson Consulting") Motion to Dismiss Count II of Defendants' Counterclaim [doc. # 19].

**I. BACKGROUND**

Defendants are corporations with their principal place of business located in Illinois. Defendants jointly contracted with Bi-State Development Agency ("Bi-State") to do work on the St. Clair County, Illinois extension of the Metro Link light rail system. Pursuant to the contracts with Bi-State, Defendants were required to prepare and update a Critical Path Method schedule for the work it was to perform under the contracts. Defendants entered into a written contract ("Contract") with Plaintiff on April 16, 1998. The Contract provided that Plaintiff would prepare baseline schedules and monthly updates for the schedules.[1] Plaintiff was paid in full for these

---

[1]Defendants agreed to perform work on the metro link Line Section 1 and Line Section 2. The baseline schedule was completed by another firm for Line Section 2. Plaintiff was hired to

1

services. Plaintiff is a Missouri Corporation with its principal place of business in St. Louis County, Missouri. Counterclaim Defendant Thomas D. Wilson is an individual residing in the State of Missouri. Mr. Wilson is the sole shareholder of Wilson Consulting.

On September 28, 1998, Plaintiff entered into another contract ("Contract II") with Defendants. Plaintiff agreed to perform consulting services for Defendants in connection with the preparation, documentation and presentation of monetary claims against Bi-State for additional time, claims and damages incurred by Defendants during the Metro Link projects. In Contract II, Plaintiff provided two alternatives for payment. Defendants had a choice of: (1) paying 25% of the amount recovered by Defendants on their claims against Bi-State or (2) paying 10% of the amount recovered plus a reduced hourly rate paid on all hours worked by Plaintiff and its sub-consultant. Plaintiff alleges that Defendants orally agreed to Method (1), paying 25% of the amount recovered. Defendants claim they never agreed to a form of payment.

Defendants filed suit against Bi-State in Madison County, Illinois. Defendants hired Plaintiff as a consulting expert in connection with the lawsuit. Plaintiff was paid for all services in connection with the lawsuit.

Defendants ultimately reached a monetary settlement with Bi-State. Plaintiff claims that it worked 6,155.53 hours pursuant to Contract II for which it received no payment. Plaintiff filed this lawsuit on November 10, 2005, seeking damages for breach of contract in Count I and for quantum meruit in Count II. Defendants filed their answer and counterclaims on January 13, 2006. Defendants seek damages in their Counterclaims from both Mr. Wilson and Wilson Consulting for breach of contract in Count I and fraud in Count II.

---

complete the scheduling and updates. Plaintiff was hired to complete both the baseline schedule and updates for the Line Section 1 project.

## II.  STANDARD OF REVIEW ON MOTION TO DISMISS

A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief.  *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor.  *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)).  The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations.  Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  *Krentz v. Robertson*, 228 F.3d 897, 905 (8th Cir. 2000).  However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-46.

## III.  DEFENDANTS' MOTION TO DISMISS COUNT II

Defendants filed the instant Motion to Dismiss arguing that Plaintiff's claim for quantum meruit cannot survive under Illinois law.  Illinois law prohibits actions for quantum meruit if a "contract existed to prescribe payment" for the service to be performed.  *See, e.g., Donnelli v. Peters Secs. Co.*, 2002 WL 2003217, at *5 (N.D. Ill. Aug. 29, 2002).  Defendants note that since Plaintiff specifically alleges the existence of a written contract between Plaintiff and Defendants prescribing payment for Plaintiff's services, Count II should be dismissed.  Plaintiff concedes that

3

the quantum meruit claim would be barred if the Court applies Illinois law, but claims that this Court should apply Missouri law, which has no such restriction.[2]

A federal court exercising diversity jurisdiction shall apply state substantive law. The court must first determine whether there is a conflict between the different states' laws. *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1120 (8th Cir. 2005). If there is a conflict, the "district court sitting in diversity jurisdiction applies the conflict of law rules for the state in which it sits." *DCS Sanitation Management, Inc. v. Casillo*, 435 F.3d 892, 895 (8th Cir. 2006); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Missouri applies the "most significant relationship test" found in the Restatement (Second) of Conflict of Laws when considering breach of contract actions. *Sachs Elec. Co. v. HS Const. Co.*, 86 S.W.3d 445, 454 (Mo. Ct. App. 2002); *Gateway Western Ry. Co. v. Morrison Metalweld Process Corp.*, 46 F.3d 860, 863 (8th Cir. 1995). "Under that approach, a court applies the substantive law of the state with the most significant relationship to the issues presented in the case." *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 621 (8th Cir. 2004). In an action for breach of contract, the court determines which state has the most significant relationship by considering "the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the place of incorporation and place of business of corporate parties." *Gateway Western Ry. Co.*, 46 F.3d at 863. The court should not mechanistically tally the factors. *Id*. Instead, the court must analyze the relative importance of each factor. *Sachs Elec. Co.*, 86 S.W.3d at 455; *Fuqua Homes, Inc.*, 388 F.3d at 621.

---

[2]Plaintiff seeks leave to amend its Complaint if the Court chooses to apply Illinois law and finds the claim is barred.

First, the Court must determine whether a conflict exists between Missouri and Illinois law. Both parties agree that under Illinois law, no express contract may exist if the plaintiff seeks recovery under quantum meruit. Plaintiff asseverates that in Missouri, a plaintiff may seek damages under the theory of quantum meruit, even if there was an express contract. Under diversity jurisdiction, when interpreting state law, the district court is bound by the decisions of the state supreme court. *Rucci v. City of Pacific*, 327 F.3d 651, 652-53 (8th Cir. 2003). While some lower courts have held otherwise, the Missouri Supreme Court has specifically held that an "express contract would also preclude the existence of the contract implied by law or quasi contract, necessary to form the basis for recovery in quantum meruit." *Krupnick & Associates, Inc. v. Hellmich*, 378 S.W.2d 562, 569-70 (Mo. 1964).

Both Missouri and Illinois prohibit actions based on quantum meruit if there is an express contract. Because there is no conflict between Illinois and Missouri, a conflict of laws analysis is unecessary. In the quantum meruit claim of its Complaint, Plaintiff alleges the existence of a binding contract. Thus, as a matter of law, the claim is barred.

Plaintiff also seeks leave to amend its claim pursuant to Federal Rule of Civil Procedure ("Rule") 15(a). Plaintiff seeks leave to amend in order to remove the allegation in its quantum meruit claim that a valid contract existed. Leave to file an amended pleading "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). This Court holds that Plaintiff may amend its Complaint.

**IV.  THOMAS D. WILSON'S MOTION TO DISMISS COUNTERCLAIM**

Defendants' Counterclaim seeks damages against Thomas D. Wilson Consulting, Inc. and Thomas D. Wilson, individually, for breach of contract and fraud. Mr. Wilson has filed the

instant Motion to Dismiss arguing that Defendants have failed to allege the necessary elements to hold him individually responsible for any alleged debt of Wilson Consulting.

Since this Court is sitting with diversity jurisdiction, the Court must determine which state's law to apply. Both parties cite to Missouri law. As noted above, the Court must first determine if there is a conflict between Illinois and Missouri law before it becomes necessary to apply conflict of law rules. In Missouri, a court may

> disregard the corporate entity and hold the corporate owners liable if the following can be shown: 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and 2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and 3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

*66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 40 (Mo. 1999) (citing to *Collet v. American Nat'l. Stores, Inc.*, 708 S.W.2d 273, 284 (Mo Ct. App. 1986)). In Illinois,

> (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances must exist such that adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences.

*Fontana v. TLD Builders, Inc.*, 840 N.E.2d 767, 776 (Ill. App. 2005) (citing *People ex rel. Scott v. Pintozzi*, 277 N.E.2d 844 (Ill. 1971)). Both Missouri and Illinois courts are hesitant to impose individual liability on an owner by piercing the corporate veil. *See Fontana*, 840 N.E.2d at 776 ("reluctant" to pierce the corporate veil); *Bank of Belton v. Bogar Farms, Inc.*, 154 S.W.3d 518, 520 (Mo. Ct. App. 2005) (there are narrow circumstances for piercing the corporate veil, and courts do not take this action lightly). While the language between the caselaw in Missouri and Illinois varies slightly, this Court finds that there is no conflict. Thus, for

simplicity, the Court will proceed to analyze Defendants' allegations under the Missouri factors relied upon by the parties in their briefing.

Mr. Wilson argues that Defendants have failed to allege (1) that Mr. Wilson's used his control over the corporation to commit a wrong and (2) any alleged wrong committed was the proximate cause of Defendants' injuries. Defendants claim that they have adequately pled the elements necessary to defeat Mr. Wilson's Motion to Dismiss. Defendants' Counterclaims include the following allegations relating to Mr. Wilson:

> 8. Thomas D. Wilson Consulting, Inc. was organized under the laws of Missouri on or about July 1, 1994.
>
> 9. Upon information and belief, Wilson has been the President, Secretary, and sole members of the Board of Directors of Thomas D. Wilson Consulting Inc. since the Corporation's creation.
>
> 10. Upon information and belief, Thomas D. Wilson Consulting, Inc. has no employees other than Wilson.
>
> 11. Upon information and belief, Thomas D. Wilson Consulting, Inc. has no employees other than Wilson.
>
> 12. Wilson exercises complete control, both financially and with regard to the policy and business practices of Thomas D. Wilson Consulting, Inc. Thomas D. Wilson Consulting, Inc. is the mere alter ego of Wilson.
>
> 13. Upon information and belief, Thomas D. Wilson Consulting, Inc., although still a corporation , is no longer operating.
>
> 14. Upon information and belief, Wilson has stripped Thomas D. Wilson Consulting, Inc. of its assets.
>
> 15. The stripping of the assets of Thomas D. Wilson Consulting, Inc. will cause damage to Counter-Plaintiffs, in that they will be unable to recover any potential judgment from Thomas D. Wilson Consulting, Inc.
>
> 16. Counter-Plaintiffs request that this court disregard the corporate entity of Thomas D. Wilson Consulting, Inc. and hold Wilson personally liable for the debts of the corporation.

Defendants argue that these allegations in their Counterclaim state a claim for relief against Mr. Wilson under Missouri law. This Court disagrees. While Defendants do allege that Mr. Wilson used his control over the corporation to improperly strip the corporation of its assets, Defendants fail to allege that his stripping the corporation of assets *caused* their injuries complained of in the two counts of the counterclaim. Missouri law requires that the wrongdoing by the individual must cause the "injury or unjust loss complained of." Here, the supposed "injury" that Wilson Consulting may not be able to satisfy a judgment should Defendants recover on their counterclaims, has nothing to do with the allegations of breach of contract and fraud in Defendants' Counterclaim. The injury contemplated by the courts relates to the injuries suffered due to the claims in the complaint. In this case, the injury contemplated by the courts would relate to injuries resulting from the alleged breach of contract and fraud. Thus, Counterclaim Defendant Wilson's Motion to Dismiss will be granted.

## V. PLAINTIFF AND THOMAS D. WILSON'S MOTION[3] TO DISMISS COUNT II OF COUNTERCLAIM

Count II of Defendants' Counterclaim seeks damages for fraud. Defendants' allege that when Wilson Consulting began assisting Defendants in their claim against Bi-State, it became clear that the consulting company had "insufficiently and/or inaccurately completed the [] work for which it had billed [Defendants]." Defendants claim that the "representations in its invoices" that it had performed the work were knowingly false. Plaintiff argues that Count II of Defendants' Counterclaim should be dismissed. Plaintiff argues that (1) the fraud count was not pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure; and (2)

---

[3]Because the Court granted dismissal of all claims against Counterclaim Defendant Wilson in Section IV of this Order, the Motion to Dismiss Count II by Mr. Wilson is moot. For simplicity, the Court will refer only to the Motion to Dismiss Count II as it relates to Plaintiff.

under Missouri law, Defendants may not recover damages for fraud for a mere breach of contract. Defendants argue in response that, under Illinois law, Defendants have stated a claim for relief because Plaintiff and Mr. Wilson made intentional misrepresentations that the services bargained for in the contract had been completed when they were aware that the services had not been performed.

Rule 9(b)

"When a federal court hears a diversity case, although the court applies the applicable state substantive law, the Federal Rules of Civil Procedure generally govern." *Roberts v. Francis*, 128 F.3d 647, 651 (8th Cir. 1997). Rule 9(b) mandates the level of particularity required in pleading various causes of action. Among other things, the Rule provides that "all averments of fraud or mistake. . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Telephone Co. v. Golden Sky Systems, Inc.*, 298 F.3d 736, 746 (8th Cir. 2002); *see also Joshi v. St. Luke's Hosp., Inc.*, 2006 WL 522195 (8th Cir. Mar. 6, 2006). In order to comply with Rule 9(b), the pleading must include details such as "the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id*. Essentially, "the complaint must identify the "who, what, where, when, and how" of the alleged fraud." *Id.* However, courts "interpret this rule of pleading in harmony with the principles of notice pleading." *Schaller Telephone Co.*, 298 F.3d at 746. Therefore, it is not necessary that the pleading "show all of these factors under Rule 9(b) to plead fraud with sufficient particularity. A plaintiff must state enough so that his/her pleadings are not merely conclusory." *Roberts*, 128 F.3d at 651, n. 5.

Defendants argue that Count II of the Counterclaim is sufficiently particular. Defendants contend that the claim satisfies Rule 9(b) because it contains allegations relating to each element of fraud, and the allegations are as specific as they can be until discovery is conducted in this case. Plaintiff claims that Defendants have failed to allege that any fraudulent representation was made. Plaintiff also complains that Defendants fail to allege the time the representation was made, the place of any false representation, and the person making the representation.

The Court finds that Count II of Defendants' Counterclaim fails to comply with Rule 9(b)'s required level of specificity. The Counterclaim only provides notice of the basis for Defendants' claims in a very conclusory manner. The Court finds that Defendants do allege false representations were made. The representations were made in invoices sent to Defendants, allegedly concealing the fact that the work had in fact not been completed. However, the allegations do not provide any *details* about the alleged misrepresentation. Specifically, Defendants provided no facts regarding what content was included in the representation making the representation false. There are no allegations of who sent the invoice, when it was sent, and so forth. Defendants also fail to provide facts detailing how Plaintiff made attempts to conceal the breach through the use of its invoice. The Court understands that Defendants may not have all the information relating to the alleged fraud at this time. However, Defendants claim they received the invoices from Wilson Consulting, and so they should be able to provide more details than the mere conclusory statements set forth in Count II. Therefore, the Court holds that Defendants have failed to provide sufficient particularity in Count II to satisfy Rule 9(b).

Defendants specifically requested leave to amend should this Court find Count II did not comply with Rule 9(b). The Court notes that "an insufficient allegation of fraud or mistake under Rule 9(b) is subject to the liberal amendment provisions of Federal Rule 15[.]" 5A Charles Alan

Wright & Arthur R. Miller, Fed. Prac. & Proc. Cokiv.3d § 1300 (2005). As discussed above, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). The Court will grant Defendants leave to amend.

   Tort as a Basis for Liability

Once again, the Court must first determine if Illinois and Missouri law is different relating to pleading fraud under these circumstances. The Court finds that the allegations in Count II of the Counterclaim are not specific enough at this time for the Court to hold whether the Counterclaim states a claim for relief under either Missouri or Illinois law. The laws of both states require the Court to analyze factual circumstances in the allegations to determine if the pleader has properly pled an independent tort or has merely restated a breach of contract claim. *See, e.g. Trans Union LLC v. Credit Research, Inc.*, 2001 WL 648953, at *6-7 (N.D. Ill. June 4, 2001); *Collins v. Reynard*, 607 N.E.2d 1185, 1187 (Ill. 1993); *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 88-89 (Ill. 1982); *Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 813-14 (Mo. Ct. App. 1996); *Business Men's Assurance Co. of Amer. v. Graham*, 891 S.W.2d 438, 453-54 (Mo. Ct. App. 1995); and *Reis v. Peabody Coal Co.*, 997 S.W.2d 49, 60 (Mo. Ct. App. 1999). Because the Court is permitting the Defendants to file an amended, more particularized counterclaim, the Court will deny Plaintiff's Motion to Dismiss at this time. However, the Court grants Plaintiff leave to refile its motion to dismiss, with any additional applicable arguments, if it appears that Defendants' Amended Counterclaim fails to state a claim for relief.

   Accordingly,

   **IT IS HEREBY ORDERED** that Plaintiff's Request for Leave to Amend Complaint [doc. #16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file its Amended Complaint no later than **May 1, 2006.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count II [doc. # 9] is **DENIED as Moot.** Defendants are granted leave to refile the Motion if Plaintiff fails to cure the defects in its Complaint.

**IT IS FURTHER ORDERED** that Counterclaim Defendant Thomas D. Wilson's Motion to Dismiss Defendants' Counterclaim [doc. # 17] is **GRANTED**. All claims against Thomas D. Wilson are dismissed.

**IT IS FURTHER ORDERED** that Counterclaim Defendant Thomas D. Wilson's Motion to Dismiss Count II of Defendants' Counterclaim [doc. #19] is **DENIED as Moot**.

**IT IS FURTHER ORDERED** that Defendants' Request for Leave to Amend Counterclaim [doc. #25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file their Amended Counterclaim no later than **May 1, 2006**.

**IT IS FURTHER ORDERED** that Thomas D. Wilson Consulting, Inc.'s Motion to Dismiss Count II of Defendants' Counterclaim [doc. # 19] is **DENIED as Moot.** Plaintiff is granted leave to refile the Motion if Defendants fail to cure the defects in their Counterclaim.

An appropriate Order of Dismissal will accompany this Order.

Dated this <u>17th</u> day of April, 2006.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE