UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS D. WILSON CONSULTING, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV02115 ERW |
| | ) | |
| KEELEY & SONS, INC. and | ) | |
| KELLER CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendants Keeley & Sons, Inc. and Keller Construction, Inc.'s ("Defendants") Motion to Dismiss Count I of Plaintiff's Amended Complaint for Failure to State a Claim, pursuant to Fed. R. Civ. P. 12(b)(6) [doc. #34].

## I.  BACKGROUND FACTS

On November 10, 2005, Plaintiff filed a Complaint against Defendants in two counts. Count I alleges breach of contract and Count II alleges quantum meruit. On January 13, 2006, Defendants filed an Answer to Count I of Plaintiff's Complaint, along with a Motion to Dismiss Count II for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendants additionally filed a Counterclaim against Plaintiff alleging two causes of action. On April 17, 2006, this Court entered its order finding Plaintiff's Count II barred as a matter of law, but granted Plaintiff's Request for Leave to Amend Complaint [doc. # 29]. Plaintiff then filed its First Amended Complaint on May 1, 2006, again alleging breach of contract under Count I and quantum meruit under Count II [doc. # 32].

Defendants are corporations that jointly contracted with Bi-State Development Agency

1

("Bi-State") to do work on the St. Clair County, Illinois extension of the Metro Link light rail system. In its First Amended Complaint, Plaintiff alleges that on or about September 28, 1998, Defendants entered into a contract with Plaintiff, under which Plaintiff agreed to provide consulting services for Defendants in connection with the preparation, documentation and presentation of monetary claims against Bi-State for additional time, claims and damages incurred by Defendants during the Metro Link Projects. According to Plaintiff, the consulting contract between Plaintiff and Defendants provided two alternate payment methods by which Plaintiff's payment would be determined. One method stated that Plaintiff's compensation would equal twenty-five percent of the amount ultimately recovered by Defendants; the other stated that Plaintiff's compensation would equal ten percent of the amount ultimately recovered by Defendants, plus a monthly payment at a reduced hourly rate. While all parties signed the consulting contract, there is no indication of which payment method was chosen. Plaintiff's First Amended Complaint states that after entering into the aforementioned contract, Defendants orally agreed to the twenty-five percent payment plan.

According to Plaintiff's First Amended Complaint, Plaintiff fully performed all terms and conditions of the consulting contract prior to a decision made by Defendants to discontinue Plaintiff's services. Plaintiff claims that since Defendants decided to discontinue the use of Plaintiff's services, Plaintiff was excused from any further performance under the consulting contract. During the course of Plaintiff's performance of the consulting contract, Defendants never indicated that they wished to follow any plan other than that agreed to orally by the parties. Plaintiff alleges that Defendants never requested that Plaintiff invoice monthly, Plaintiff never submitted monthly invoices seeking payment at a reduced hourly rate, and Defendants never paid

2

Plaintiff at a reduced hourly rate.

Plaintiff's First Amended Complaint states that Defendants settled the claims referred to in the consulting contract for the amount of $6,000,000.00. Plaintiff alleges that upon learning of the settlement, Plaintiff demanded payment according to the consulting contract, and that Defendants denied this demand. Plaintiff alleges that it performed 6,155.53 hours for which it received no payment, and is entitled to relief under a breach of contract theory as set out in Count I of Plaintiff's First Amended Complaint. On June 1, 2005, Defendants filed a Motion to Dismiss Count I of Plaintiff's First Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and Memorandum in Support of that Motion.

## II.     LEGAL STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff

includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976) (Overruled on other grounds, see *Harlow v. Fitzgerald*, 457 U.S. 800 (U.S.Dist.Col.1982).

## III. DISCUSSION

Plaintiff's First Amended Complaint includes two counts; Defendants are moving to dismiss Count I for failure to state a claim upon which relief may be granted. In Count I, Plaintiff alleges that the Defendants breached their consulting contract with Plaintiff by denying Plaintiff's demand for payment after Plaintiff appropriately performed.

### A. <u>Defendant's Motion to Dismiss is Untimely</u>

The Court concludes that the timing of Defendants' Motion to Dismiss Count I is dispositive of that Motion. Defendants argue that Plaintiff's First Amended Complaint opens the door for them to "plead anew," as if the Amended Complaint was the original. Plaintiff responds with the argument that Defendants may not have a fresh start unless the scope of the case has been changed by the amended pleading.

#### 1. *Federal Rules of Civil Procedure Rule 12*

Neither party has mentioned Rule 12 of the Federal Rules of Civil Procedure in their pleadings, either to bolster or protest the timing of the Defendants' Motion to Dismiss Count I, however, that rule governs timing for motions to dismiss and so is controlling here. The Federal Rules require that motions, including 12(b) defenses, "shall be made before pleading if a further

4

pleading is permitted." Rule 12(b), Fed.R.Civ.P.; *see County of Mille Lacs v. Benjamin*, 262 F.Supp.2d 990, 994 (D.Minn.2003); *Tyco Intern. Ltd. v. Walsh*, 2003 WL 553580 at *2 (S.D.N.Y.2003). Defendants filed this 12(b)(6) motion after pleading was completed. Fed.R.Civ.P. 7(a). Defendants had the opportunity to raise their 12(b)(6) defense to Count I, of Plaintiff's original Complaint, and failed to do so at that time. The Plaintiff was given leave by the Court to file an amended complaint. Count I of the Amended Complaint remained exactly the same as it appeared in the original Complaint. "A strict interpretation of the timing provision's language leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading is interposed as being too late." Wright & Miller, *Federal Practice and Procedure*, §1361, at 93. Since the grounds for Defendants' Rule 12(b)(6) defense were available at the time Defendants filed their original Answer, and Defendants waited to raise their defense until after that Answer was filed, the Court finds that the Defendants failed to comport with the timing requirements under Rule 12(b) of the Federal Rules of Civil Procedure.[1]

With limited exception, failure to file a motion within the time prescribed in Rule 12(b) is fatal for Rule 12 motions. Furthermore, under Rule 12(g), if a party files a motion under Rule 12 but does not include all defenses or objections then available, that party shall be precluded from bringing the motion or objection that was previously available. Fed.R.Civ.P.12(g). Rule 12(b)(6), the defense at issue here, falls within the exception to Rule 12(g) as stated in Rule 12(h)(2). Wright & Miller, *Federal Practice and Procedure*, §1391, at 552. Although Rule

---

[1] While the Eighth Circuit denied reversal on the ground that the lower court granted a post-answer motion to dismiss, it noted that the court would have been warranted in denying the motion as being untimely. *Gaynor v. Metals Reserve Co.*, 166 F.2d 1011,1013 (8th Cir. 1948). The court in that case simply found that Rule 12 could not be invoked as a basis for reversal. *Id*.

12(h)(2) provides an exception to the timing of filing of motions under 12(b), it still provides certain circumstances when a Rule 12(b)(6) defense be raised. The Federal Rules of Civil Procedure provide in Rule 12(h)(2) that a Rule 12(b)(6) defense may be raised in any pleading under 7(a), in a motion for judgment on the pleadings, or at trial. Under a strict reading of Rule 12(h)(2), these three vehicles constitute the only times available to raise a Rule 12(b)(6) defense. Wright & Miller, *Federal Practice and Procedure*, §1391, at 528. Consequently, although defenses under Rule 12(b)(6) are exempted by Rule 12(g) from the consolidation requirement and protected against waiver by Rule 12(h)(2), under a strict reading of Rule 12(h)(2), those defenses cannot be raised at any time during the post-answer period that is convenient for Defendants. Other courts have interpreted the language in the rules more broadly and as a result have entertained post-answer motions to dismiss. *See Albachten v. Corbett*, 156 F.Supp. 863, 864 (D.C.Cal.1957) ("A court would be warranted in denying a motion to dismiss when not interposed before the answer, but that is not to say the court in its discretion may not consider the motion"). *See also Dart Drug Corp. v. Corning Glass Works*, 480 F.Supp. 1091, 1095 (D.C.Md.1979).[2] This court declines to interpret the rules so broadly, instead choosing to read Rule 12(h)(2) as restrictively presenting the only points in time that a 12(b)(6) defense can be raised. See *Kadylak v. O'Brien*, 32 F.Supp. 281, 281 (D.C.Pa.1940) (The court denied defendant's post-answer Rule 12(b)(6) motion, citing the language in Rule 12(b) requiring motions arising out of that rule to be made before pleading if further pleading is permitted).

---

[2]The court in *Dart Drug Corp.* states that it was appropriate to exercise discretion in allowing a motion to dismiss for failure to state a claim where the grounds offered for the motion did not exist at a time where filing would have been proper under Rule 12(b). 480 F.Supp. at 1095. This is not the case here, where the Defendants could have filed their motion during an appropriate time under the Federal Rules of Civil Procedure, and failed to do so.

After Plaintiff filed its original Complaint, Defendants filed a Motion to Dismiss Count II of that Complaint. The opportunity to also file a Motion to Dismiss Count I was present but overlooked. Defendants may not now attempt to file a Rule 12 motion that should have been brought when the Motion to Dismiss Count II was filed or at one of the specified times laid out in Rule 12(h)(2). Rule 12(h)(2) provides the only appropriate times to file a Rule 12(b)(6) motion. Since Defendants failed to bring their Motion to Dismiss Count I at one of the proper post-answer points in time, the motion must be denied.

    2.    *Scope of the Amended Complaint*

In filing their Motion to Dismiss Count I of Plaintiff's First Amended Complaint, Defendants rely on specific case law. The two cases Defendants cite essentially state that after a plaintiff files an amended complaint and the scope of the case has been changed, the defendant may treat the amended complaint as the original and plead as such. *See Tralon Corp. v. Cedarapids, Inc., 966 F.Supp.* 812, 832 (N.D. Iowa 1997) (citing *Brown v. E.F. Hutton & Co., Inc.*, 610 F.Supp. 76, 78 (S.D. Fla. 1985). Those cases cited by the Defendant also emphasize the importance of pleading anew only in proportion to the changed scope of the case. *See Brown v. E.F. Hutton & Co., Inc.*, 610 F.Supp. 76, 78 (S.D.Fla.1985) (The court found the Plaintiff's new complaint "significantly broadened" the focus of the litigation since the original complaint alleged damages resulting from one transaction and the second amended complaint subsequently alleged damages resulting from mismanagement of an entire account during the duration of the relationship between the parties). *See also Fuente v. Honeggers & Co., Inc.* 1987 WL 9019 at *1 (N.D.Ill.1987) ("The Brown rule permits defendants to freely replead once the plaintiff has substantively changed the nature the case"). In *Brown*, Plaintiff's amended complaint resulted in

7

three times the damages originally alleged. *Brown*, 610 F.Supp. at 78.

Both cases cited by Defendants involved amended complaints which greatly expanded the factual claims of the original complaints. Defendants fail to mention, as Plaintiff points out in its Memorandum in Opposition, that the Count I found in Plaintiff's First Amended Complaint is identical to the Count I from the original Complaint. [Memo.Opp.2]. The Plaintiff's First Amended Complaint not only includes the exact version of Count I present in the original Complaint, it further presents no new claims which would change the substance of the case. Since the scope of the case has not been changed by Plaintiff's First Amended Complaint, Defendants' reliance on cases like *Tralon Corp.* is misguided. Further, *Tralon Corp.* goes on to state that, "[t]he obvious corollary is that if an amended complaint does not change the theory or scope of the case, a defendant must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." *Tralon Corp.*, 966 F.Supp. at 832. Since the scope of Count I in Plaintiff's original Complaint did not change in the First Amended Complaint, Defendants cannot base the validity of their Motion to Dismiss on this argument.

**IV. CONCLUSION**

Since the untimeliness of Defendants' Motion to Dismiss Count I of Plaintiff's First Amended Complaint is dispositive of that Motion, the substantive issues of that Motion need not be addressed. As such, Defendants' Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Keeley and Defendant Keller's Motion to Dismiss [doc. #34] is **DENIED**.

Dated this 26th day of September, 2006.

                                                              _____
                                                              E. RICHARD WEBBER
                                                              UNITED STATES DISTRICT JUDGE